No. 14,431.

DANIELS-GREAGER *v.* CALEDONIAN INSURANCE COMPANY.
(86 P. [2d] 264)

Decided December 19, 1938.   Rehearing denied January 16, 1939.

Mr. JOHN L. STIVERS, for plaintiff in error.

Messrs. SHERMAN & STRANG, for defendant in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

AN action by an insurance company to recover from its agent the sum of an earned premium on a policy which had been issued by the agent and subsequently cancelled. A motion for a directed verdict in favor of plaintiff was sustained, and judgment entered accordingly.

It appears that November 16, 1934, the company appointed plaintiff in error as its agent at Norwood, San Miguel county, "with full power to receive and accept proposals for insurance covering risks * * * authorized by the company to insure, with full power and duty to collect, receive and receipt for premiums," * * * and "shall, unless specifically otherwise directed, collect all premiums of his agency, report upon the same, and transmit to the company promptly * * *;" that December 6, 1934, the agent, acting within her authority, issued to her husband, Harold C. Greager, an insurance policy on a truck, but did not then, or ever, collect the premium involved, nor did she remit therefor on her own account; that July 7, 1935, the agent wrote the company in relation to the matter as follows: "Enclosed please find policy for which you asked to be returned, for cancellation. As soon as you have advised me the exact amount now due on the policy, a check will be forwarded for that amount. The truck on which the insurance was written has been

disposed of, and we are therefore cancelling the insurance on same. The policy has not been forwarded before this date as the deal was not consummated until this date.'' That July 13, 1935, the company acknowledged receipt of the letter from which we have quoted, as well as the policy, and stated that the premium from December 6, 1934, to May 13, 1935, was $61, which less 25 per cent commission to the agent, is the sum ''you owe us.'' Why the premium was figured only to May 13, 1935, rather than to July 7, 1935, the date of the cancellation stated by the agent, does not appear, but since the company based its action on a date less favorable to itself than seemingly might have been chosen, we note the fact.

In her answer the agent alleged that she ''issued said policy in the name of Harold C. Greager through error and a misunderstanding, and that the company was promptly advised of the mistake, thereby putting it on notice for immediate cancellation of said policy. That Harold C. Greager never owned, at any time, the automobile referred to and described in said insurance policy. That the plaintiff had no contractual obligation to protect or indemnify Harold C. Greager under the terms of said policy. That said policy was therefore invalid, and the defendant as plaintiff's agent could not legally have collected the premium thereon. That the defendant, therefore, is not indebted to the plaintiff for the amount set forth in the complaint, or any part thereof.''

There was no evidence to the effect that the agent advised the company her husband did not own the truck which through her agency the company had insured. Her offer to testify to what she had written to the company was rejected under a familiar rule. No steps had been taken to procure the letters. On the question of the husband's ownership of the truck, only he gave testimony. We quote therefrom as follows: Direct examination by plaintiff in error who conducted the trial on her own behalf: ''Q. Well, Mr. Greager, the G M C truck in question for which this policy was written—did you ever own such

truck, in your own name? A. No. Q. In whose name was it? A. Tom Watt's. Q. In whose name was the insurance policy issued that I wrote for you? A. In my name." Cross examination: "Q. You say you never owned this truck in your own name? A. No, sir. Q. But in the name of Tom Watt? A. Yes, sir."

██ Considering the long continued retention of the policy, the statement in the agent's letter of July 7, 1935, when the policy was returned to the company, to the effect that on that day a sale of the truck on which the insurance was written had been consummated, the further statement in the same letter that as soon as advised of the "amount now due on the policy a check will be forwarded for that amount," the uncertain implications of the husband's testimony in relation to his ownership of the truck, and the agent's "duty to collect" and "transmit premiums to the company promptly," we cannot regard the court's order directing a verdict in favor of the company other than as justified. "Where an agent is authorized to collect premiums, it is his duty to account for all premiums which he has collected, or which he should have collected." 32 C. J. 1072. It would be difficult to conceive a situation more typically calling into action the duty of an agent to collect than here. Let the judgment be affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE BAKKE and MR. JUSTICE HOLLAND concur.